UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRUCK INSURANCE EXCHANGE,

    Plaintiff,

  v.                                              18-CV-578
                                                  DECISION AND ORDER

MICHAEL J. PAONESSA, SR.,
MICHAEL J. PAONESSA, JR.,
LINDSEY R. CORTES, and
JENNIFER L. DRAKE,

    Defendants.

---

On May 18, 2018, the plaintiff, Truck Insurance Exchange, commenced this action against defendants Michael J. Paonessa Sr., Michael J. Paonessa Jr., Lindsey R. Cortes, and Jennifer L. Drake. Docket Item 1. The plaintiff seeks a declaratory judgment that it is not obliged to defend or indemnify the defendants relative to claims brought in New York Supreme Court, Niagara County, bearing index number E163038/2017. Docket Item 1 at 1.

The plaintiffs asked the Clerk of the Court to enter a default on August 24, 2018, after the defendants failed to answer the complaint or otherwise appear in this action in a timely manner. Docket Item 10. The Clerk of the Court entered a default against the Paonessas on August 27, 2018, Docket Item 11, and against Cortes and Drake on September 10, 2018, Docket Item 12. On October 12, 2018, the plaintiffs filed a motion for default judgment as to all defendants. Docket Item 13. For the reasons below, the Court grants that motion.

## DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which "provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). "The first step is to obtain an entry of default." *Id.* "When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention." *Id.* at 504-05. "In such circumstances Rule 55(a) empowers the clerk of court to enter a default." *Id.* at 505.

"The next step requires the plaintiff to seek a judgment by default under Rule 55(b)." *Id.* "Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear." *Id.* "In all other cases Rule 55(b)(2) governs." *Id.* And Rule 55(b)(2) "requires a party seeking a judgment by default to apply to the court for entry of a default judgment." *Id.*

"Upon entry of default, all the well-pleaded allegations of the complaint are accepted as true." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp.2d 716, 726 (W.D.N.Y. 2011). "It is within the sound discretion of the District Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith." *Id.* "[P]rior to entering default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

**TRUCK INSURANCE EXCHANGE'S ALLEGATIONS**

The allegations in Truck Insurance Exchange's complaint tell the following story. On or about May 5, 2016, Cortes and Drake both were bit by a dog owned by Paonessa, Jr., while in Paonessa, Sr.'s home. Docket Item 1 at 3. Cortes and Drake sustained severe personal injuries and damages as a result, so they sued the Paonessas in New York State Supreme Court, Niagara County. *Id.*

Truck Insurance Exchange insured the home where the incident occurred. *Id.* at 3-4. The liability provisions of the policy include an "Animal Exclusion" that excludes coverage for bodily injury caused by any animals or creatures owned by or entrusted to any insured. *Id.* at 5. Based primarily on the Animal Exclusion,[1] Truck Insurance Exchange commenced this action on May 18, 2018, seeking a declaratory judgment that it is not obliged to defend or indemnify any of the defendants in relation to the dog bite incident. *Id.* at 1.

**ANALYSIS**

The Court concludes that the factual allegations in the complaint, taken as true, establish that Travel Insurance Exchange is entitled to a declaratory judgment in its favor.

The homeowners' insurance policy issued by the plaintiff provides that "[i]t is agreed that coverage provided by this policy . . . does not apply to bodily injury caused

---

[1] The plaintiff also challenges its liability under the insurance policy because the Paonessas failed to appear for an examination under oath, Docket Item 1 at 9-10, 13; because the Paonessas failed to cooperate with the plaintiff, *id.* at 10, 13-14; and because the Paonessas failed to comply with the policy's notice requirements, *id.* at 10-12, 14-16. The plaintiff alternatively claims that Paonessa, Jr., was not covered by the policy. *Id.* at 16.

by any animals or creatures owned by or entrusted to any insured. This includes by way of example but is not limited to mammals, birds, fish, reptiles, insects and spiders." Docket Item 1 at 5. As the complaint alleges that Cortes's and Drake's injuries were sustained when they were bitten by a dog on the insured's property, Docket Item 1 at 3, the Animal Exclusion applies on its face and the plaintiff is not liable to defend or indemnify the defendants under the insurance policy.

## **CONCLUSION**

For the reasons stated above, the plaintiff's motion for default judgment, Docket Item 13, is GRANTED. The Clerk of Court shall enter a declaratory judgment in the plaintiff's favor providing that it is under no obligation to defend or indemnify the defendants relative to the claims brought in the action captioned as Lindsey R. Cortes and Jennifer L. Drake v. Michael J. Paonessa, Sr., and Michael J. Paonessa, Jr., pending in New York State Supreme Court, Niagara County, and bearing index number E163038/2017. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

Dated: February 5, 2019
Buffalo, New York

    *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE